IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOEL Y. VENTURA-QUINTANILLA, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-17-3191 |
| WARDEN[1] | * | |
| Respondent | * | |

\*\*\*

**MEMORANDUM OPINION**

Pending is a petition for habeas corpus relief filed by Joel Y. Ventura-Quintanilla pursuant to 28 U.S.C. § 2241. Petitioner, who is a Maryland prisoner incarcerated at North Branch Correctional Institution (NBCI),[2] seeks to be transferred from state to federal custody to serve his state and concurrent federal life sentences in the U.S. Bureau of Prisons ("BOP"). The court ordered the United States Attorney for the District of Maryland and counsel for the Maryland Division of Correction (DOC) to respond, and they have done so. ECF Nos. 2, 4, 7.[3] Petitioner has filed an opposition to the responses to the petition (ECF Nos. 12, 13). The court determines that an evidentiary hearing in this matter is unnecessary.

---

[1] The proper respondent in an action for habeas corpus is the Petitioner's custodian. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004). The Warden of North Branch Correctional Institution, the facility where Petitioner is incarcerated, is the proper respondent in this case. The Clerk shall amend the docket accordingly.

[2] *See* https://dpscs.maryland.gov/inmate/search (visited October 23, 2020). Counsel notes that the Maryland Judiciary casesearch does not show that Petitioner was sentenced to life without the possibility of parole. ECF No. 7 n. 1. It thus appears that Petitioner is eligible for parole consideration in accordance with Md. Code Ann., Corr. Servs. § 7-301(d).

[3] The court informed Respondents that their response constituted neither acceptance of service of process on behalf of any potential defendant nor waiver of any arguable defenses. ECF No. 2 at 2. As service has not been effectuated, Petitioner's filing titled as a motion for summary judgment (ECF No. 12) is inappropriately filed. Instead, it is considered as an opposition to the responses to the petition.

**I.      Background**

    **A.      State Sentence**

On September 17, 2010, Petitioner was sentenced in the Circuit Court for Montgomery County to life imprisonment following his guilty plea to first degree murder.  *See State v. Ventura-Quintanilla*, Case Number 113269C (Cir. Ct. Montgomery Cty).

    **B.      Federal Sentence**

On October 20, 2010, Petitioner and his co-defendants were charged with conspiracy to participate in a racketeering enterprise (RICO conspiracy) in violation of 18 U.S.C. § 1962(d). The overt acts alleged against Petitioner in furtherance of the RICO conspiracy charge were the Montgomery County murder and a separate murder in the District of Columbia.  Because the RICO conspiracy charge included state crimes that carried the possibility of life imprisonment, Petitioner was subject to a life sentence pursuant to 18 U.S.C. § 1963(a).  Petitioner pleaded guilty to RICO conspiracy, including the commission of the murders in Montgomery County and the District of Columbia.

On April 30, 2012, Petitioner was sentenced to life imprisonment, with the federal sentence to run concurrent to the life sentence imposed by Montgomery County.  *See United States v. Ventura-Quintanilla*, Criminal Action No. RWT-09-0471 (D. Md).

    **C.      Petitioner's Claims**

As reason for his transfer, Petitioner asserts that he is unsafe at NBCI due to the presence of rival gang members, and Respondents have acted with deliberate indifference to his safety, by charging him with disciplinary rule infractions for two assaults and three weapons charges, which he implies, without explanation, that he incurred because they were necessary to his survival.  ECF No. 1 at 3.  Petitioner also alleges that he has been continually confined on administrative or disciplinary segregation with "no end in sight"  *Id.*  He faults the case management team for doing

nothing but "swat[ting] Petitioner back and forth between [a]dministrative and [d]isciplinary segregation for more than twenty (20) months while indifferent to "the fact that all of the incidents involving discipinary segregation result from rival gang issues." ECF No. 1 at 4.

Petitioner claims, without explanation, that the BOP is better able to accommodate his circumstances. ECF No. 1 at 4. He states that "it should really make NO DIFFERENCE to either the United States or Maryland State Government [where] Petitioner is held to serve out the remainder of his LIFE SENTENCES which have been imposed in both jurisdictions." ECF No. 1 at 4.

## II. Discussion

Habeas corpus relief is available when a prisoner is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Challenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241. *See Setser v. United States*, 132 S.Ct. 1463, 1473 (2012). Liberally construed, Petitioner's claims are that Respondents fail to protect him from harm in violation of his rights under the Eighth Amendment and have abridged his right to due process. ECF No. 1 at 4.

An inmate has no constitutionally protected right to be incarcerated in any particular prison system. *Olim v. Wakinekona,* 461 U.S. 238, 245, 247–48 (1983). Here, Petitioner has been sentenced by two sovereigns – the State of Maryland and the United States of America. Where he serves his sentences is a matter for those two sovereigns to decide. *Simpson v. Cockrell*, 273 F.3d 1100 (5th Cir. 2001) (per curiam) (citing *United States v. McCrary*, 220 F.3d 868, 870–71 (8th Cir. 2000)). Primary custody of a prisoner charged with state and federal crimes, unless waived, remains with the jurisdiction that had original custody of the prisoner. *See Rios v Wiley*, 201 F.3d 257, 274 (3d Cir. 2000), *abrogated in part on other grounds by statute, recognized in United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000); *Taccetta v. Federal Bureau of Prisons*, 606

Fed. Appx. 661, 663 (3d Cir. 2015).  Here, Petitioner does not dispute that the State of Maryland has primary custody over him.[4]  Thus, Petitioner's term in federal custody will not begin until the state relinquishes custody of him.  *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (listing bail release, dismissal of the state charges, parole release, or expiration of state sentence for relinquishing custody).

Counsel for the Office of the Attorney General has filed affidavits showing that Petitioner's allegations of danger from rival gangs have been investigated, a recent combatant was placed on his enemies list, alternatives to placement on administrative segregation housing are being considered for him, and he is housed in a manner to keep him safe.  Declaration of Acting Lieutenant David Barnhart, NBCI Intel Department, ECF No. 4-1 at 1-2;[5] Declaration of Lieutenant Walter Iser, NBCI, ECF No. 4-2 at 2.  Specifically, Petitioner is housed in a double cell with another inmate who is neither a documented enemy nor a validated member of a Security Threat Group.  Iser Declaration, ECF No. 4-2 at 1-2.  Petitioner is escorted by an officer to the shower or recreation area, showers alone in a single shower, and has recreation alone or with his cellmate.  His meals are delivered to him in his cell.  *Id.*

Counsel for the Office of the Attorney General argues too that Petitioner does not satisfy the requisites for preliminary injunctive relief to transfer him to BOP custody.  Preliminary injunctive relief is a "drastic and extraordinary remedy, which should not be granted as a matter of course."  *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 166 (2010), *see also SAS Institute, Inc. v. World Programming Lmtd*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-

---

[4] The doctrine of primary custody developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated the laws of each sovereign.  *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922).  The sovereign that first arrests the individual has primary custody.

[5] The investigation had not been completed when the Response was filed in this case and is not in the record.

prong test is "a high bar, as it should be."). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). For reasons set forth above, Petitioner has not demonstrated he is likely to succeed on the merits or suffer irreparable harm absent preliminary injunctive relief. Moreover, in the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances not present here. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

Petitioner may access the administrative remedy procedure (ARP) process at NBCI, to attempt to resolve issues concerning his safety and placement on administrative segregation. Counsel notes that Petitioner has not availed himself of the administrative process. Such process may also include state judicial remedies in addition to Maryland Division of Correction administrative remedies. *See e.g. Craighead v Warden*, Civil Action No. GLR-13-2208, 2013 WL 5960883, n. 2 (D. Md. November 5, 2013) (if a Maryland inmate seeking transfer to BOP had alleged his safety required confinement in federal custody, the inmate would be required to exhaust state remedies, including administrative remedies before seeking transfer). Should Petitioner want to pursue constitutional claims concerning his conditions of confinement, he may file a complaint pursuant to 42 U.S.C. § 1983. "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). The court will direct the Clerk to send Petitioner a § 1983 information packet.

### III.     Conclusion

Petitioner does not provide evidence that he is confined illegally, that there is an absence of a State corrective process, or that his circumstances are otherwise ineffective to protect his rights. For these reasons, the court will deny Petitioner's request for habeas relief.

In a habeas corpus proceeding, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden,* 475 F.3d 652, 659 (4th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted). Petitioner has not made that showing and a certificate of appealability will be denied.

A separate Order follows.

October 28, 2020                                       /s/
                                                                DEBORAH K. CHASANOW
                                                                United States District Judge